■ CELESTINO MATEO et al., Respondents, v BENITO B. RISH, Appellant. — Appeal from an order of the Supreme Court at Special Term (Amyot, J.), entered May 11, 1981 in Schenectady County, which denied defendant's motion for summary judgment or, in the alternative, for an immediate trial of the Statute of Limitations issue. Desirous of enlarging her breasts, plaintiff Ethel Mateo consulted with defendant and, thereafter, at his direction, silicone injection procedures were carried out by defendant's associate. Sometime later, in the month of April 1973, Mrs. Mateo noticed lumps forming in her breasts. In the summer of 1974 she was advised by another doctor that the silicone was the source of her problems and numerous surgical procedures were carried out with the hope of alleviating her condition. On January 8, 1975 plaintiffs commenced this action in which they seek damages for alleged negligence and medical malpractice. Defendant promptly moved for summary judgment seeking dismissal of the complaint upon the ground that the Statute of Limitations for such an action had expired, or, in the alternative, for an immediate trial of that single issue. Special Term denied both of defendant's motions and he now appeals from the denial order. We conclude that Special Term properly denied both motions. Plaintiff Ethel Mateo asserts with certainty in her affidavit that the silicone injections occurred during June, July and August of 1972. Defendant asserts that they occurred during the month of August, 1971, and that since CPLR 214 was not amended until 1975 the applicable time limit within which to bring the action was three years. Defendant therefore submits that plaintiffs' claims are time barred. This contention overlooks the fact that Mrs. Mateo has alleged that the wrong type of silicone, i.e., "food grade" instead of "medical grade", was injected, and that the use of "food grade" silicone was contrary to the accepted and established medical standards at the time. Surely such an allegation gives rise to the possible application of the "foreign objects" doctrine which establishes that the time limitation is to commence at that point in time when the patient could reasonably have discovered the malpractice (see *Flanagan v Mount Eden Gen. Hosp.*, 24 NY2d 427, 431). To have granted summary judgment under these circumstances would have been inappropriate and erroneous. Lastly, CPLR 3212 (subd [c]) is permissive, and since resolution of the single issue could not expeditiously dispose of this controversy, Special Term properly denied the motion for an immediate trial of the Statute of Limitations issue. Order affirmed, with costs. Mahoney, P. J., Sweeney, Main, Casey and Mikoll, JJ., concur.