Beagan v Akebono Brake Corp. (2025 NY Slip Op 00395)

Beagan v Akebono Brake Corp.

2025 NY Slip Op 00395

Decided on January 28, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 28, 2025

Before: Webber, J.P., Scarpulla, Rosado, O'Neill Levy, JJ. 

Index No. 190419/2018 Appeal No. 3573 Case No. 2023-03820 

[*1]Brian P. Beagan as the Administrator for the Estate of John Beagan, deceased, Plaintiff-Respondent,
v
Akebono Brake Corporation, et al., Defendants, American Honda Motor Co., Inc., et al., Defendants-Appellants.

Segal McCambridge Singer & Mahoney, Ltd., New York (Heather Janis Gaw of counsel), for appellants.
The Gori Law Firm, P.C., New York (Samuel D. Elswick and Mathias Bartlett of counsel), for respondent.

Order, Supreme Court, New York County (Adam Silvera, J.), entered June 28, 2023, which denied the motions of defendants American Honda Motor Co., Inc. and Nissan North America, Inc. for summary judgment dismissing the complaint and all cross-claims as against them, unanimously affirmed, without costs.
In this action alleging a toxic tort injury in New York caused by multiple defendants, the court correctly held that the exercise of long-arm jurisdiction over defendants is compatible with both CPLR 302(a)(3) and due process (see LaMarca v Pak-Mor Mfg. Co. , 95 NY2d 210, 213-214 [2000]).
Plaintiff alleges that the decedent, John Beagan, was first exposed to defendants' asbestos-containing products in New York while visiting air-contaminated work areas of New York dealerships that were either owned and operated by or contained the products of defendants in the 1990s. Plaintiffs allege that this exposure, along with decedent's exposure to asbestos at dealerships in Florida between 1976 and 1986, led him to develop malignant mesothelioma decades later, resulting in his death in 2019.
The court properly rejected defendants' argument that it was required, based on interstate federalism concerns embodied in the due process clause, to divest itself of its power to render a judgment over them in this case (see Ford Motor Co. v Montana Eighth Jud. Dist. Ct. , 592 US 351, 359 [2021]). Although defendants show that New York's interest in adjudicating the dispute may be outweighed by Florida's interest, they fail to establish that such interstate federalism concerns outweigh any other relevant consideration, such as "the burden on the defendant," "the plaintiff's interest in obtaining convenient and effective relief," "the interstate judicial system's interest in obtaining the most efficient resolution of controversies," or "the shared interest of the several [s]tates in furthering fundamental substantive social policies" (World-Wide Volkswagen Corp. v Woodson , 444 US 286, 292 [1980] [internal citations omitted]). Thus, defendants, who undisputably purposefully availed themselves of the privilege of conducting activities within New York, fail to "present a compelling case that the presence of some other considerations. . . render jurisdiction unreasonable" (LaMarca, 95 NY2d at 217-218 [internal quotation marks and citation omitted]).
The court also properly found, without first conducting a preliminary trial on the jurisdictional issue pursuant to CPLR 3212(c), that plaintiff met his burden for asserting CPLR 302(a)(3) jurisdiction. As the record does not foreclose the possibility of such a finding and relevant material issues of fact exist, the motion was properly denied (see 
Mateo v Rish , 86 AD2d 736 [1st Dept 1982]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2025